**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gerard Proctor; and Barbara Proctor, | ) | No. CV-08-1910-PHX-DGC |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Homesite Indemnity Company, a foreign corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

At the case management conference held on December 4, 2008, the Court raised the issue of whether federal subject matter jurisdiction exists in this case.  The Court discussed the issue with the parties and requested additional information concerning the timing of payments in this case.  As explained below, the Court concludes that federal subject matter jurisdiction is lacking and that the case must be remanded to state court.

Plaintiffs filed a complaint against Defendant in Arizona state court on September 16, 2008.  The complaint asserts a breach of contract claim and a bad faith tort claim.  Plaintiffs seek compensatory and punitive damages.  Dkt. #1-2.

Defendant removed the action to this Court on October 17, 2008.  Dkt. #1.  Defendant asserts in its notice of removal that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds the jurisdictional amount of $75,000 given that the breach of contract claim alone included $212,000 in damages.  *Id.* at 2.  The parties' joint case management report revealed that Defendant has paid Plaintiffs a portion of their contractual damages.  Dkt. #13 at 4-5.

1    Because diversity jurisdiction must be analyzed based on the amount in controversy

2    at the time of removal, *see Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159

3    F.3d 1209, 1212-13 (9th Cir. 1998), the Court inquired at the case management conference

4    as to when the contractual damages were paid.  Following the conference, Defendant

5    informed the Court that it had paid $202,000 in contractual damages on October 15, 2008 –

6    two days before removal.  Defendant further stated that it intends to make a supplemental

7    payment of $16,000.

8    Any civil action brought in state court over which the federal district courts have

9    original jurisdiction may be removed to the federal district court for the district where the

10   action is pending.  28 U.S.C. § 1441(a).  Courts strictly construe the statute against removal

11   jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Indeed, there is a

12   "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is

13   any doubt as to the right of removal in the first instance."  *Id*.  "The 'strong presumption'

14   against removal jurisdiction means that the defendant always has the burden of establishing

15   that removal is proper."  *Id.*  "If at any time before final judgment it appears that the district

16   court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

17   The complaint in this case does not demand a dollar amount.  Dkt. #1-2.  Defendant

18   therefore "bears the burden of establishing, by a preponderance of the evidence, that the

19   amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

20   398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

21   1090 (9th Cir. 2003).  To meet its burden, Defendant "must provide evidence establishing

22   that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."  *Id.*; *see*

23   *Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought,

24   . . . then the defendant bears the burden of actually proving the facts to support jurisdiction,

25   including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance*

26   *Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging

27   jurisdiction justify his allegations by a preponderance of evidence.").

28   / / /

1    When the case was removed to this Court on October 17, 2008, Defendant had paid

2    Plaintiff most of what was owed for contractual damages.  At the case management

3    conference, counsel for Defendant stated that removal was proper in light of the bad faith

4    claim and the request for punitive damages.  Counsel explained that punitive damages could

5    be several multiples of the contractual damages and emotional distress damages could also

6    be awarded on the bad faith claim.  An attorneys' fees recovery is also possible.

7    Such possibilities "neither overcome[] the 'strong presumption' against removal

8    jurisdiction, nor satisf[y] [Defendant's] burden of setting forth . . . the *underlying facts*

9    supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d

10    at 567 (emphasis in original); *see Matheson*, 319 F.3d at 1090-91 ("Conclusory allegations

11    as to the amount in controversy are insufficient."); *Singer v. State Farm Mut. Auto. Ins. Co.*,

12    116 F.3d 373, 375 (9th Cir. 1997) (removal "'cannot be based simply upon conclusory

13    allegations' where the [complaint] is silent" as to the amount of damages) (citation omitted);

14    *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (removal cannot be based

15    upon mere "information and belief" that the amount in controversy exceeds $75,000); *see*

16    *also Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be

17    inherently speculative for this Court to conclude that the amount in controversy requirement

18    can be met by simply asserting that large punitive damages have been awarded in the past

19    against insurance companies . . . . Defendant has failed to articulate why the particular facts

20    that are alleged in the instant action might warrant extraordinary punitive damages.").

21    Because the amount-in-controversy requirement has not been met, federal subject

22    matter jurisdiction is lacking.  The Court accordingly will remand this matter to state court.

23    *See* 28 U.S.C. § 1447(c); *Valdez*, 372 F.3d at 1118 ("If the district court determines that it

24    is sufficiently doubtful that the amount-in-controversy requirement has been met and thus

25    that federal subject matter jurisdiction is lacking, the district court should . . . remand to state

26    court."); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists,

27    a case should be remanded to state court."); *Sanchez*, 102 F.3d at 406 (directing the district

28    court to remand to state court where the defendant had failed to establish the jurisdictional

1    amount by a preponderance of the evidence).

2         **IT IS ORDERED** that the Clerk shall **remand** this action to state court.

3         DATED this 8th day of December, 2008.

4

5

6    _____

7                    David G. Campbell
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28